IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| ALEX OGOLENKO and TANYA OGOLENKO,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EMC MORTGAGE CORPORATION,<br>GREENPOINT MORTGAGE FUNDING, INC.,<br>CAL-WESTERN RECONVEYANCE<br>CORPORATION, MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>AMERICAN CAPITAL FINANCIAL<br>SERVICES, INC., RODDY WONG, LIDIYA<br>SITARUK, and DOES 1-20, inclusive,<br><br>                    Defendants. | 2:09-cv-01190-GEM-KJM<br><br><ins>ORDER GRANTING DEFENDANTS EMC MORTGAGE CORPORATION AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS</ins>[*] |

On July 22, 2009, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and EMC Mortgage Corporation ("EMC") (collectively, "Defendants") filed a motion under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)") to dismiss Plaintiffs' first amended complaint. (Docket No. 19.) Plaintiffs' claims against Defendants concern a mortgage loan transaction and the subsequent sale of their residence at a trustee's sale. The only federal claims

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

alleged against Defendants are claims under the Real Estate Settlement Procedures Act ("RESPA").[1] Plaintiffs' first amended complaint also alleges several claims under state law.

### I. Legal Standard

A motion under Rule 12(b)(6) "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007).

"To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in his complaint, sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

### II. Discussion

#### A. Plaintiffs' Claims Under RESPA

Defendants argue Plaintiffs' RESPA claims should be dismissed since they are time-barred and insufficiently pled. (Reply 5-6.)

---

[1] While Plaintiffs' first amended complaint also alleges a claim under the Truth in Lending Act ("TILA") against Greenpoint Mortgage Funding, Inc., on July 27, 2009, Plaintiffs voluntarily dismissed Greenpoint from this action.

Plaintiffs' complaint alleges Defendants violated RESPA by: (1) "failing to correctly and accurately comply with disclosure requirements" "at the time of closing . . ." (First Amended Complaint ("FAC") ¶ 80); (2) "failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request" (FAC ¶ 81); and (3) "engag[ing] in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605." (FAC ¶ 82.)

### 1.  RESPA's Disclosure Requirements

Plaintiffs argue their first amended complaint states a claim under RESPA since they "have alleged that Defendant EMC, failed to disclose to Plaintiffs that it obtained servicing rights, as required under" Section 2605(c). (Opp'n. 12.)  Defendants argue even assuming the truth of Plaintiffs' allegation, Plaintiffs' claim is time barred by the three year statute of limitations.  (Reply 5.)

Plaintiffs' allegation that Defendants violated RESPA's disclosure provisions falls far short of the requirements of Federal Rule of Civil Procedure 8(a).  Plaintiffs have not "allege[d] any facts pertaining to which defendant(s) failed to correctly and accurately comply with [RESPA's] disclosure requirements and what documents the defendants failed to provide."  Keen v. American Home Mortgage Servicing, Inc., 2009 WL 3380454, at *7 n.4 (E.D. Cal. Oct. 21, 2009).  Nor does Plaintiffs' first amended complaint allege Defendants violated any particular section of RESPA.  See Kelley v. Mortgage Electronic Registration Sys., Inc., 2009 WL 2475703, at *9 (N.D. Cal. Aug. 12, 2009)(stating that plaintiffs "must cite the specific provision of RESPA that defendants are alleged to have violated.")

While Plaintiffs attempt to cure the deficiencies of their pleading by arguing Defendant EMC violated Section 2605(c), Plaintiffs' first amended complaint makes no mention of that provision nor alleges facts suggesting that its requirements were violated. Such "post-hoc explanations of [a] claims' bases" do not suffice to state a claim. Champlaie, 2009 WL 3429622, at *1. A motion to dismiss "addresses the present state of the pleadings, not what an amended complaint might state." Id. at *7 n.9. According, Plaintiffs' allegation that Defendants failed to comply with RESPA's disclosure requirements does not state a cognizable cause of action.[2]

### 2.   Failure to Respond to a QWR

Plaintiffs' first amended complaint also alleges Defendants violated RESPA "by failing and refusing to provide a written explanation or response to Plaintiff[s'] Qualified Written Request" ("QWR"). (FAC ¶ 81.) Plaintiffs allege "[o]n April 28, 2009, a Qualified Written Request under RESPA was mailed to Defendant, EMC Mortgage Corporation which included a demand to cancel the pending Trustee Sale and to rescind the loan under the provisions of TILA. Defendant EMC Mortgage Corporation has yet to respond to the request." (FAC ¶ 36.)

However, on July 5, 2009, when Plaintiffs filed their first amended complaint, their RESPA claim based upon failure to respond to a QWR was not yet ripe. Plaintiffs' allegedly sent a QWR to Defendant EMC on April 28, 2009, four days before Plaintiffs' original complaint was filed in this action and twelve days after their residence was

---

[2] Moreover, it appears Plaintiffs' purported claim under Section 2605(c) would be time barred by the three year statute of limitations. See 12 U.S.C. § 2614.

4

sold at a trustee's sale.[3]  (FAC ¶ 36; Request for Judicial Notice, Ex. 7.)  Under Section 2605(e), a loan "servicer" has sixty days, "excluding legal public holidays, Saturdays and Sundays," from the receipt of any QWR in which to provide a written explanation.  12 U.S.C. § 2605(e)(2).  Counting from April 28, 2009, the sixty day period lapsed on July 23, 2009, well after the date on which Plaintiffs' first amended complaint was filed.  Accordingly, Plaintiffs' RESPA claim based upon Defendants alleged failure to respond to their QWR was not ripe, and therefore not justiciable, when the first amended complaint was filed and cannot be the basis of a claim under RESPA.[4]  See Graves v. Downey Savings and Loan Ass'n, 2009 WL 3335335, at *5 (N.D. Cal. Oct. 14, 2009)(holding that RESPA claim based upon failure to respond to QWR was not ripe when the operative pleading was filed).

//

//

---

[3]  Defendants' motion to dismiss is accompanied by a request that judicial notice be taken of certain documents relating to Plaintiffs' mortgage and home equity loans as well as the trustee's sale of their property.  However, only Exhibit 7 - a copy of the Trustee's Deed Upon Sale - is relevant to this motion.  As the Trustee's Deed Upon Sale is a publically recorded document as to which judicial notice is proper, it may be considered without converting Defendants' motion to dismiss into a motion for summary judgment.  See Champlaie, 2009 WL 3429622, at *4 (stating  that a district court may consider evidence subject to judicial notice on a motion to dismiss).

[4]  Even if Plaintiffs' claim were ripe, Plaintiffs' allegation that they sent Defendants a "Qualified Written Request" is conclusory and not entitled to a presumption of truth.  See Champlaie, 2009 WL 3429622, at *7 (finding that "[t]he allegation that plaintiff's letter constituted a qualified written request is conclusory" as "plaintiff has not alleged that th[e] letter . . . requested information related to servicing" of their loan).  Plaintiffs also allegedly sent their QWR to EMC after their residence had been sold at a trustee's sale, further suggesting that the document they sent was not a request for information relating to the servicing of their loan.

1                3. <u>Pattern of Non-Compliance with RESPA</u>

2     Plaintiffs' first amended complaint further attempts to state a
3 claim under RESPA by alleging that "Defendants have engaged in a
4 pattern or practice of non-compliance with the requirements of the
5 mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §
6 2605." (FAC ¶ 82.) Defendants argue "Plaintiffs have failed to
7 allege any facts supporting a theory that EMC made it a regular
8 practice to ignore the provisions of RESPA, as Plaintiffs only refer
9 to one alleged QWR sent on April 28, 2009."

10     Plaintiffs' allegation that Defendants have "engaged in a
11 practice or pattern of non-compliance" with RESPA's requirements, is
12 conclusory and a "naked assertion[] devoid of further factual
13 enhancement." <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)(quotations
14 omitted). Accordingly, this allegation fails to state a cognizable
15 claim under RESPA.

16         B. <u>Plaintiffs' State Law Claims</u>

17     Since it is unclear whether Plaintiffs can state a viable cause
18 of action under RESPA, review of Plaintiffs' state law claims will be
19 deferred. <u>See</u> <u>Graves</u>, 2009 WL 3335335, at *5 (deferring review of
20 state law claims since it was unclear whether plaintiff had a viable
21 federal claim).

22     III. <u>CONCLUSION</u>

23     For the reasons stated above, Defendants' motion to dismiss
24 Plaintiffs' RESPA claims is granted. Since it is unclear whether
25 Plaintiffs can state a viable RESPA claim, review of the portion of
26 Defendants' motion seeking dismissal of Plaintiffs' state law claims
27 is deferred. If Plaintiffs' cannot state a claim under RESPA,
28 supplemental jurisdiction over Plaintiffs' state law claims will be

1 declined.  See Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1101 (9th
2 Cir. 1996)(stating that "where a district court dismisses a federal
3 claim, leaving only state claims for resolution, it should decline
4 jurisdiction over the state claims and dismiss them without
5 prejudice.")  Therefore, if Plaintiffs opine they can state RESPA
6 claims, they have ten days from the date on which this order is filed
7 to file a second amended complaint in which this amendment is made.
8 This leave only applies to the RESPA claims.

Dated:  November 13, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge