IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEX OGOLENKO and TANYA OGOLENKO, ) | ) | |
| Plaintiffs, ) | 2:09-cv-01190-GEM-KJM | |
| ) | | |
| v. ) | ORDER DECLINING SUPPLEMENTAL | |
| ) | JURISDICTION OVER PLAINTIFFS' | |
| EMC MORTGAGE CORPORATION, ) | STATE CLAIMS | |
| GREENPOINT MORTGAGE FUNDING, INC., ) | | |
| CAL-WESTERN RECONVEYANCE ) | | |
| CORPORATION, MORTGAGE ELECTRONIC ) | | |
| REGISTRATION SYSTEMS, INC., ) | | |
| AMERICAN CAPITAL FINANCIAL ) | | |
| SERVICES, INC., RODDY WONG, LIDIYA ) | | |
| SITARUK, and DOES 1-20, inclusive, ) | | |
| ) | | |
| Defendants. ) | | |

On July 22, 2009, Defendants Mortgage Electronic Registration Systems, Inc. and EMC Mortgage Corporation filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' first amended complaint. (Docket No. 19.) On November 16, 2009, an order issued granting Defendants' motion to dismiss Plaintiffs' claims under the Real Estate Settlement Procedures Act ("RESPA"). The order, however, deferred review of Plaintiffs' state claims involved in the dismissal motion because it was unclear whether Plaintiffs would be able to state a RESPA claim. Plaintiffs' allegations under RESPA constituted the only remaining federal claim in this action in which subject matter jurisdiction was premised upon federal question jurisdiction. Therefore, Plaintiffs were granted leave to file a second amended complaint to amend only their RESPA claim.

1       Plaintiffs filed a second amended complaint on November 22, 2009,
2  which does not contain a federal claim.  Therefore, the issue is
3  reached whether the Court should continue exercising supplemental
4  jurisdiction over Plaintiffs' remaining state claims.
5       Under 28 U.S.C. § 1367(c)(3), a district court "may decline to
6  exercise supplemental jurisdiction over a claim" if "the district
7  court has dismissed all claims over which it has original jurisdiction
8  . . . ."  "While discretion to decline . . . supplemental jurisdiction
9  over state law claims is triggered by the presence of one of the
10 conditions in § 1367(c), it is informed by the . . . values of
11 economy, convenience, fairness and comity" as delineated by the
12 Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S.
13 715, 726 (1966).  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001
14 (9th Cir. 1997)(en banc).  "Since state courts have the primary
15 responsibility to develop and apply state law, . . . the Gibbs values
16 do not favor continued exercise of supplemental jurisdiction over
17 Plaintiff[s'] state claims . . . ."  Anderson v. Countrywide
18 Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D.
19 Cal. Oct. 19, 2009); see also Wade v. Regional Credit Ass'n, 87 F.3d
20 1098, 1101 (9th Cir. 1996)(stating that "where a district court
21 dismisses a federal claim, leaving only state claims for resolution,
22 it should decline jurisdiction over the state claims and dismiss them
23 without prejudice").  Therefore, Plaintiffs' state claims are
24 dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Dated:  November 24, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

2